NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SIPCO, LLC,**
*Appellant*

**v.**

**EMERSON ELECTRIC CO.,**
*Appellee*

---

2018-1856

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2016-01895.

---

Decided: December 20, 2019

---

JAMES R. BARNEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for appellant. Also represented by CONSTANTINE GREGORY GRAMENOPOULOS, KELLY HORN; GREGORY J. GONSALVES, Gonsalves Law Firm, Falls Church, VA.

DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray LLP, Washington, DC, argued for appellee. Also represented by JAMES RICHARD BATCHELDER, JAMES LAWRENCE DAVIS, JR., East Palo Alto, CA.

---

Before LOURIE, MOORE, and TARANTO, *Circuit Judges.*

MOORE, *Circuit Judge.*

SIPCO, LLC appeals the Patent Trial and Appeal Board's final written decision holding claims 1–3, 6, 8–11, 13–21, and 25 of U.S. Patent No. 7,697,492 unpatentable under 35 U.S.C. §§ 102 and 103. SIPCO does not challenge the Board's holding with respect to claims 8–9, 11, and 13. Because the Board erred in its construction of the claim term "scalable address" as used in claims 1–3, 6, 14–21, and 25, and because the Board's findings that claim 10 would have been unpatentable based on Johnson were also based on that erroneous construction, we *vacate* and *remand.*

## BACKGROUND

The '492 patent is directed to a system and method for monitoring, controlling, and reporting on remote devices using radio-frequency transmissions. Specifically, the system monitors and controls remote devices "by transmitting data between the remote systems and a gateway interface via a packet message protocol system." '492 patent at 2:32–34.

The control system described in the '492 patent may contain one or more transceivers for transmitting and receiving messages between remote devices such as sensors or actuators. And those transceivers may be either stand-alone or integrated with the sensors or actuators. *See* '492 patent at 3:22–41, 4:5–10. Each transceiver may have "a unique transceiver identification that uniquely identifies the [] transceiver." *Id.* at 6:10–12. The unique transceiver identification, or transceiver address, is preferably a six-byte address but can vary in length as necessary. *Id.* at 6:10–12, 24–26.

The '492 patent also describes a standard packet

protocol for messages sent to and from the remote devices. *Id.* at 9:49–53. Messages transmitted in the system include a "to" address, indicating the intended recipient of the message, a "from" address, indicating the origin of the message, and other information such as packet number, packet length, a command number, and data. *See id.* at 9:53–60, 10:5–10. The '492 patent includes claims covering the system for and the method of monitoring and controlling the remote devices. Claim 1 is illustrative:

> 1. In a communication system to communicate command and sensed data between remote devices, the system comprising:
>
> a receiver address comprising a scalable address of at least one remote device;
>
> a command indicator comprising a command code;
>
> a data value comprising a scalable message; and
>
> a controller associated with a remote wireless device comprising a transceiver configured to send and receive wireless signals, the remote device configured to send a preformatted message comprising the receiver address, a command indicator, and the data value via the transceiver to at least one other remote device.

'492 patent at Claim 1.

Emerson Electric Co. petitioned for *inter partes* review of claims 1–4, 6, 8–11, 13–21, and 25 of the '492 patent, and the Board instituted review of all of the claims other than claim 4. In its petition, Emerson identified the term "scalable address" as a term that needed construction and proffered that the term should be construed as "an address that has a variable size based on the size and complexity of the system." J.A. 173. In support of its proposed construction,

Emerson pointed to text in the specification explaining that the "to" address, which "corresponds to the claimed receiver address," J.A. 174, is "scalable from one to six bytes based upon the size and complexity of the system." '492 patent at 9:60–61. Emerson further argued that the specification supported its construction where it explained that a unique transceiver address "can be varied as necessary given individual design constraints." *Id.* at 6:25–26. SIPCO did not offer a competing construction for the term scalable address in its preliminary patent owner response. Instead, it argued that the prior art did not disclose a scalable address even under Emerson's proposed construction. J.A. 282. In its institution decision, the Board construed the term "scalable address" to mean "an address that has a variable size based on the size and complexity of the system" and "that varies in the size that the address occupies within a packet." J.A. 323.

SIPCO proposed a construction of the term "a receiver address comprising a scalable address of at least one remote device" in its patent owner response. It argued that the "receiver address includes not only an address identifying the intended receiving remote device/transceiver, but also additional data" and "the address of at least one of the intended receiving [transceivers/remote devices] must be scalable." J.A. 391. SIPCO specifically requested that the Board construe the limitation "to require the address of the remote device (which is within the 'receiver address') to be scalable." J.A. 394.

Emerson argued in reply that requiring the address of the remote device to be scalable is inconsistent with the claims, specification, and knowledge of a person of ordinary skill in the art. J.A. 464. It argued the scalable address could pertain to more than one remote device and is not limited "to being the unique address of each intended recipient." *Id.* In its final written decision, the Board again construed the term "scalable address" as "one that varies in the size that the address occupies within a packet." J.A.

17–18. And, in response to the parties' arguments, it clarified that the "'address' that is 'scalable' is not limited to a single scalable unique address." J.A. 18.

Accordingly, the Board determined claims 1–3, 6, 8–11, 13, 14, 16, and 18 were both anticipated by and would have been obvious in view of U.S. Patent No. 5,673,252 (Johnson). J.A. 59. The Board also determined claims 14, 15, 17, 19–21, and 25 would have been obvious over the combination of U.S. Patent No. 6,100,817 (Mason), EIA Standard EIA-709.1, Control Network Protocol Specification (Mar. 1998) (EIA-709.1), U.S. Patent No. 5,874,903 (Shuey); and Protocol Specification for ANSI Type 2 Optical Port, NEMA, ANSI C12.18-1996 (1996). SIPCO timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

1. CLAIM CONSTRUCTION

SIPCO challenges the Board's construction of the term "a receiver address comprising a scalable address of at least one remote device."[1] We review the Board's claim construction de novo except for necessary subsidiary facts based on extrinsic evidence, which we review for substantial evidence. *Acceleration Bay, LLC v. Activision Blizzard Inc.*, 908 F.3d 765, 769 (Fed. Cir. 2018). We hold that the

---

[1] Claim 1 and its dependent claims contain the challenged limitation. Independent claims 14, 19 and 25, and their respective dependent claims, contain similar limitations with slight variations. Claims 14 and 25 require, "a receiver address comprising a scalable address of at least one remote wireless device." '492 patent at Claims 14, 25. Claim 19 requires, "a receiver address comprising a scalable address of the at least one of the intended receiving transceivers." *Id.* at Claim 19. The differences in the claim limitations do not change the claim construction on appeal.

Board incorrectly construed the claim limitation, "a scalable address of the at least one remote device." Because the Board's improper construction impacts claims 1–3, 6, 14–21, and 25, we vacate and remand for the Board to reconsider validity under the proper construction.

The parties do not dispute the Board's construction of "scalable address" as "one that varies in the size that the address occupies within a packet." J.A. 17–18. Instead, they dispute the Board's clarifications of its construction. In its final written decision, the Board clarified its construction by explaining that it "decline[d] to construe 'scalable address' as including" a requirement that "the address of the remote device (which is within the 'receiver address') [] be scalable." J.A. 10. The Board found that "the 'scalable address' reads on the 'to' address described in the Specification," and disagreed with SIPCO's arguments that "the scalable address excludes all information except the unique address." J.A. 14. According to the Board, the phrase "at least one remote device" indicates that the scalable address "may include multiple intended addresses," but does not mean each remote device's unique address must be scalable. J.A. 16; *see* J.A. 18.

The Board erred by construing the "scalable address" as reading on the "to" address in the specification. SIPCO argues that construction combines the terms "receiver address" and "scalable address," eliminating the separate requirement of a "scalable address of at least one remote device." Appellant's Br. at 43. The claim language clearly requires two separate addresses: the "receiver address" and the "scalable address." Because the patentee chose to use different terms to define the "receiver address" and the "scalable address," we presume that those two terms have different meanings. *Chicago Bd. Options Exch., Inc. v. Int'l Securities Exch., LLC*, 677 F.3d 1361, 1369 (Fed. Cir. 2012). Claim 1 requires a preformatted message comprising the "receiver address," as well as a command indicator and data value. '492 patent at Claim 1. Consistent with the

message protocol described in the specification, the "receiver address" refers to the "to" address in any message sent within the described system. *See id.* at 9:53–58.

The specification explains that the "to" address is scalable from one to six bytes, and may contain a byte that indicates the type of transceiver to which the message is directed, i.e. whether the message is broadcasted to all transceivers, some transceivers, or only one transceiver. *Id.* at 9:64–66.[2] The "to" address may also contain bytes that can be an identification base. And a range of bytes, e.g. bytes three through six in the "to" address "can be used for the unique transceiver address." *Id.* at 9:67–10:1. The specification explains that the unique transceiver address is scalable as it "can be varied as necessary given individual design constraints." *Id.* at 6:24–26. We conclude it is this transceiver address which corresponds to the claimed "scalable address of at least one remote device."

The Board also erred by "declin[ing] to construe 'scalable address' as including" a requirement that "the address of the remote device (which is within the 'receiver address') [] be scalable," J.A. 10, in so far as the Board did not require the portion of the "to" address that contains the address of at least one remote device, e.g. bytes three through six, to be scalable. The claim language explicitly contains such a

_____

[2] Although the specification describes the "to" address as scalable, the claim language does not require that the "receiver address" be scalable. There is no such modifier applied to the term "receiver address." And while the claim term requires that the "receiver address" comprise an address that is scalable, it does not follow that the "receiver address" must necessarily be scalable. We note, however, that the claims likewise do not preclude a "receiver address" that is also scalable.

requirement. The claim language uses the adjective "scalable" to modify the phrase "address of at least one remote device." *See Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1378 (Fed. Cir. 2012) (holding "each" modified the phrase immediately following it).

The Board erred by determining that the "scalable address" was not limited to the unique address of at least one remote device. We agree, however, with the Board's clarification that the "scalable address" is not limited to a single unique address. SIPCO argues that the claim limitation requires that an individual remote device's address must be scalable. It argues the "scalable address" cannot include multiple intended addresses because "a scalable address" is singular. Emerson argues the Board correctly determined that the language "at least one remote device" indicates that the scalable address may include addresses of more than one remote device, and is not limited to the address of one intended recipient. It argues that claim 10's recitation that "the packet further comprises at least one scalable address field to contain the unique address for at least one device" confirms that the scalable address is not limited to the unique address. The claim language does not limit the "scalable address" to a single unique address of a remote device. The claim language does, however, limit the scalable address of at least one remote device to the portion of the receiver address that identifies the unique recipient or recipients. But it only requires that the portion of the receiver address that identifies the specific intended recipient or recipients of the message be scalable and include the address of at least one remote device, not that the unique address of a single remote device must be scalable. The address of at least one remote device may include multiple addresses of multiple remote devices all of which are intended recipients of the message. The scalability refers to the ability of that portion of the receiver address to vary based on the size and complexity of the system.

We express no opinion as to whether Johnson, Mason, EIA-709.1 or the other references at issue may anticipate or render obvious this limitation in claims 1–3, 6, 14–21, and 25 in view of our construction of the "scalable address" term. We leave these determinations for the Board in the first instance on remand.

## 2. CLAIM 10

SIPCO separately challenges the Board's decision holding claim 10 invalid as anticipated or obvious based on Johnson. Claim 10 depends from claim 8, and states:

> 8. A method of communicating command and sensed data between remote wireless devices, the method comprising:
>
> providing a receiver to receive at least one message;
>
> wherein the message has a packet that comprises a command indicator comprising a command code, a scalable data value comprising a scalable message, and an error detector that is a redundancy check error detector; and
>
> providing a controller to determine if at least one received message is a duplicate message and determining a location from which the duplicate message originated.
>
> 10. The method of claim 8, further comprising providing at least one remote wireless communication device, wherein at least one of the devices has a unique address and *the packet further comprises at least one scalable address field to contain the unique address for at least one device.*

'492 patent at Claim 10 (emphasis added). The Board held that the claim limitation, a "scalable address field to contain the unique address for at least one device," is "open

ended and can include a type field." J.A. 35. Although SIPCO did not challenge the Board's construction of "scalable address field" on appeal, the Board found, under its construction, that Johnson disclosed the scalable address field limitation "in the same way it meets the 'scalable address' in claim 1." *Id.* Because the Board's finding is based on an erroneous construction, we vacate and remand the Board's decision as to claim 10.

## CONCLUSION

Because the Board erred in its construction of the claim term "scalable address" as used in claims 1–3, 6, 14–21, and 25, and because the Board's findings that claim 10 would have been unpatentable based on Johnson were also based on that erroneous construction, we *vacate* and *remand*.

## VACATED AND REMANDED

## COSTS

No costs.